**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

ISA MERT MANAY,

      Petitioner,

v.                                          2:26-cv-00174-DHU-SCY

WARDEN, Otero County Processing
Center; MARY DE ANDA-YBARRA,
Field Office Director of Enforcement and
Removal Operations, El Paso Field Office;
TODD LYONS, Acting Director, ICE;
KRISTI NOEM, Secretary, U.S. Department
of Homeland Security; and PAMELA BONDI,
U.S. Attorney General,

      Respondents.

**<u>AMENDED ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS</u>**[1]

This matter comes before the Court on Petitioner Isa Mert Manay's *pro se* Petition for Writ of Habeas Corpus, Doc. 1, and Amended Petition for Writ of Habeas Corpus, Doc. 4. After reviewing the relevant briefing, listening to a digital audio recording ("DAR") of Petitioner's asylum hearing in immigration court, and considering the relevant and applicable law, the Court concludes that Petitioner's Petition must be **DENIED.**

Petitioner Isa Mert Manay is a native and citizen of Turkey who was admitted to the United States on or about June 13, 2023, under a nonimmigrant J1 Exchange Visa authorizing his presence in the country until October 1, 2023. Doc. 1 at 1; Doc. 8 at 2 (citing Doc. 8-1, Exhibit A). Petitioner overstayed his visa and remained in the United States without authorization. Doc. 8 at 2 (citing

---

[1] This Order Amends the Court's Order Denying Petition for Writ of Habeas Corpus (Doc. 10) to reflect and incorporate additional filings that were entered after the Court finalized its initial Order.

Doc. 8-1). On November 12, 2025, Petitioner was encountered and arrested by ICE after they confirmed his identity and that he had overstayed his visa. *Id.* (citing Doc. 8-2, Exhibit B); *see also* Doc. 1 at 1. Petitioner was then charged with removability under the Immigration and Nationality Act ("INA"). Doc. 8 at 2 (citing Doc. 8-1).

On January 8, 2026, Petitioner requested and was provided a bond hearing under 8 C.F.R. § 236. *Id.* (citing Doc. 8-3, Exhibit C). The Immigration Judge ("IJ") denied bond as a matter of discretion due to flight risk concerns. *Id.* On January 16, 2026, Petitioner's asylum claim and removability charge were adjudicated on the merits. *Id.* (citing Doc. 8-4, Exhibit D). His asylum claim was denied and he was ordered removed to Turkey. *Id.* at 2-3 (citing Doc. 8-4); Doc. 1 at 1. Based on the Executive Office for Immigration Review's (EOIR) Automated Case Information System, it appears the decision was appealed to the Board of Immigration Appeals ("BIA") on February 17, 2026, and is currently pending. The Government confirmed that Petitioner has filed a BIA appeal. Doc. 13.

On January 23, 2026, Petitioner filed a *pro se* Petition for Writ of Habeas Corpus in this Court. In the Petition, he alleges that his arrest was illegal. Doc. 1 at 1. He also alleges that at his immigration hearing, he was not provided an opportunity to speak or fight his case, and that the IJ did not consider or give appropriate weight to the evidence he presented in support of his case. *Id.* Petitioner seeks a writ from this Court to address these alleged deficiencies and obtain appropriate relief. *Id.* On February 6, 2026, Petitioner filed an Amended Petition after completing the District of New Mexico's form for *pro se* habeas petitions. *See* Doc. 4. In it, Petitioner states that he does not agree with the charge of removability. *Id.* at 2. Petitioner asks that this Court dismiss the charge and order of the IJ, to grant him asylum, and to order his immediate release. *Id.* at 7.

The Government filed its Response on February 12, 2026, asking this Court to dismiss the Petition because "Petitioner is lawfully detained pursuant to 8 U.S.C. § 1226(a) pending removal proceedings, Petitioner has failed to exhaust readily available administrative remedies, Petitioner fails to state a claim upon which relief may be granted and this Court does not have subject matter jurisdiction to review or authority to provide the requested relief." Doc. 8 at 1-2.

On February 19, 2026, Petitioner filed a letter with this Court, reemphasizing his claims for relief and addressing the Government's response. Doc. 11.[2] Though not styled as such, the Court construes this letter as a Reply. In the Reply, Petitioner emphasizes that he did not have a fair chance to speak at his asylum hearing. He alleges that the IJ did not look at his evidence, let him tell his story, or allow his lawyer to speak. *Id.* at 1. Petitioner also points out that the BIA only looks at submitted files and statements, so his likelihood of relief through that avenue is limited. *Id.* He goes on to argue that he is not a flight risk. *Id.* at 2-3. Petitioner asks this Court to order that his pending asylum request be granted, to stay his removal, to order ICE to provide an audio recording of his hearing, and to cancel his removal order. *Id.* at 3-4.

In light of Petitioner's Reply, the Court ordered the Government to produce the DAR from Petitioner's asylum hearing. Doc. 12. The Court has since reviewed the DAR and finds no indication in the recording that the IJ in Petitioner's case denied Petitioner due process. It is true that the IJ did not allow testimony from Petitioner, but this is because he granted the Government's motion to pre-terminate the hearing. Over the course of the hearing, however, the IJ indicated that he had reviewed the evidence in the record, demonstrated his familiarity with said evidence, asked questions to Petitioner's counsel to clarify any ambiguities in the record, and gave Petitioner's

---

[2] This letter was received by the Court on February 23, 2026, and entered on the docket on February 24, 2026, after the Court issued its Order denying relief. This Amended Order reflects the Court's consideration of Petitioner's letter.

3

counsel an opportunity to respond to the Government's motion. The Court therefore finds no constitutional defect in the proceedings held in immigration court.

While the Court is sympathetic to Petitioner's situation, he requests relief that this Court cannot grant. Absent evidence of a due process violation, decisions regarding removability and any applicable defenses, including asylum, are most appropriate to be made by the IJ. To the extent Petitioner believes the IJ's decision was erroneous, his proper avenue for relief is an appeal to the BIA, not this Court. *See* 8 C.F.R. § 1003.1(b). It appears that Petitioner has submitted such an appeal. Based on the information in the record, the Court declines to step into the shoes of the BIA and review the Petitioner's immigration proceedings at this time.

This Court also cannot grant Petitioner's release from custody. Petitioner received a custody redetermination in Immigration Court, and bond was denied on flight risk grounds. *See* Doc. 7-3 at 1. To the extent Petitioner believes the denial of bond was erroneous, the appropriate avenue for relief for that decision, too, is via the BIA. *See* 8 C.F.R. § 236.1(d). Accordingly, Petitioner's Petition for Writ of Habeas Corpus must be **DENIED.**

**IT IS SO ORDERED.**

HONORABLE DAVID HERRERA URIAS
UNITED STATES DISTRICT JUDGE

4